# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

DAVID A. BROWN,

    Plaintiff,  :  Case No. 3:08-cv-141

                              District Judge Thomas M. Rose
  -vs-                       Chief Magistrate Judge Michael R. Merz

                              :

OFFICER MALICKI, et al.,

    Defendants.

## SECOND REPORT AND RECOMMENDATIONS

On May 21, 2008, the Magistrate Judge filed a Report and Recommendations (Doc. No. 9) recommending the Court grant the Motion to Dismiss of Defendant City of Springfield Police Department (Doc. No. 5). In lieu of just filing Objections, Plaintiff has filed a Motion for Summary Judgment (Doc. No. 12) against both Defendants, Officer Malicki and the Springfield Police Department.

To the extent the Plaintiff's Motion for Summary Judgment constitutes objections, the General Order of Reference for the Dayton location of court permits a magistrate judge to reconsider decisions or reports and recommendations when objections are filed.

### Springfield Police Department

Since Plaintiff's sole claim in the Complaint is that the actions of Officer Malicki violated his constitutional rights and Springfield is his employer, the Magistrate Judge analyzed the Complaint as being brought under the Civil Rights Act of 1871, 42 U.S.C. § 1983. Under that

statute, a municipality is not liable for the constitutional violations of its employees on a respondeat superior basis. *Monell v. New York City Dept. of Social Services*, 436 U.S. 658, 690, 98 S.Ct. 2018, 56 L. Ed. 2d 611 (1978).

Plaintiff does not dispute this conclusion of law, but insists Springfield is liable on a common law basis, citing *Spires v. City of Lancaster, Ohio*, 1985 Ohio App. LEXIS 9349 (Ohio App. 5th Dist. 1985)[1]. In *Spires*, the plaintiff had pled common law claims of malicious prosecution and false imprisonment. The Court of Appeals found, following *Monell* without citation, that the City of Lancaster could not be held liable under § 1983 on a respondeat superior basis, but could on the common law claims, citing *Adams v. Peoples* 18 Ohio St.3d 140, (1985); *Longfellow v. Newark*, 18 Ohio St.3d 144 (1985); *Enghauser Manufacturing Co. v. Eriksson Engineering Ltd.*, 6 Ohio St.3d 31 (1983); and *Haverlack v. Portage Homes, Inc.*, 2 Ohio St.3d 26 (1982).

The Magistrate Judge has no doubt that *Spires* is a correct statement of Ohio law on the point for which Plaintiff cites it. The difficulty is that Plaintiff did not plead a common law claim for malicious prosecution or false imprisonment. The very caption of his Complaint says it is a "Civil Action Suit in Tort Pursuant to 42 USC 1983, 1985, and 4th, 5th, 14th Amendments of USC." In the body of the Complaint, Plaintiff says that Officer Malicki's actions constituted "warrantless search and seizure, false arrest, infliction of emotional distress, assault and battery, malicious prosecution, defamation of character, loss of consortium, and false imprisonment," but then goes on to say he is not proclaiming his innocence (Complaint, Doc. No. 3, p. 3). There are no facts pled in the Complaint which would constitute the torts of assault and battery, defamation, false arrest, false imprisonment, loss of consortium, or malicious prosecution; the gravamen of the claim is warrantless search and seizure. Plaintiff goes on to say

---

[1] Insofar as it allowed an award of punitive damages against the City, the Court of Appeals judgment was reversed by the Ohio Supreme Court, *Spires v. Lancaster,* 28 Ohio St. 3d 76 (1986).

2

> Regardless of whether my case is turned over in appeals court or not, this suit would be the exact same. These people must be deterred from violating U.S. citizens constitutional rights. I was bullied into signing a guilty plea by my public defender and judge. I was threatened with an absurd amount of prison time if I did not plead guilty. So, in all fairness these people must also sustain the punishment of violating ones rights.

(Complaint, Doc. No. 3, at 5.)

Whether a plaintiff is proceeding under common law or § 1983, he cannot prevail on a false imprisonment or malicious prosecution claim when he has been convicted of the crime or crimes which gave rise to the alleged tort. Indeed, under federal law, he cannot even bring the § 1983 claim until or unless the underlying conviction is reversed. *Heck v. Humphrey,* 512 U.S. 477, 114 S. Ct. 2364, 129 L. Ed. 2d 383, 394 (1994). In the *Spires* case, on which Plaintiff relies, all criminal charges were dismissed. Thus whether Plaintiff's Complaint is interpreted as arising under § 1983 or the common law, it fails to state a claim upon which relief should be granted and should be dismissed as previously recommended.

### Plaintiff's Summary Judgment Motion

Plaintiff seeks summary judgment against both Officer Malicki and the Springfield Police Department. He is not entitled to judgment against Springfield for the reasons given above.

Defendant Officer Malicki has filed an Answer in this case, but has not yet had an opportunity for discovery and in particular to take the Plaintiff's deposition. Moreover, Plaintiff's summary judgment motion is not supported by any evidence of the quality required for a summary judgment motion, to wit, affidavits, depositions, answers to interrogatories, etc. To prevail on a motion for summary judgment, a party must show that there is no genuine issue of material fact which needs to be tried to a jury. This cannot be shown merely by one party's assertion of what the

facts are; it must be shown by evidence.

Because Officer Malicki has not had any opportunity for discovery in the case and because the motion is not supported by any evidence,[2] Plaintiff's Motion for Summary Judgment should be denied.

June 28, 2008.

s/ <b>Michael R. Merz</b><br>Chief United States Magistrate Judge

## NOTICE REGARDING OBJECTIONS

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within ten days after being served with this Report and Recommendations. Pursuant to Fed. R. Civ. P. 6(e), this period is automatically extended to thirteen days (excluding intervening Saturdays, Sundays, and legal holidays) because this Report is being served by one of the methods of service listed in Fed. R. Civ. P. 5(b)(2)(B), (C), or (D) and may be extended further by the Court on timely motion for an extension. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendations are based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections within ten days after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See United States v. Walters*, 638 F. 2d 947 (6th Cir., 1981); *Thomas v. Arn*, 474 U.S. 140, 106 S. Ct. 466, 88 L. Ed. 2d 435 (1985).

---

[2] The Magistrate Judge is not asserting that no evidence is available to support the Motion, but merely that none has been filed in the case as yet.